UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONOVAN BYFIELD,

                              Petitioner,

        -v-

J. CONWAY, Warden,
Attica Correctional Facility,

                             Respondent.

ORDER

06 CV 06405 (GBD)(DFE)

GEORGE B. DANIELS, District Judge:

Petitioner Donovan Byfield filed a petition for a writ of habeas corpus to challenge his conviction for first-degree murder following a 2001 jury trial. Petitioner raises three grounds for relief: (1) the prosecutor failed to prove, beyond a reasonable doubt, intent to kill; (2) the prosecutor erred in questioning alibi witnesses about a family gathering that was not specifically alleged in the alibi notice, and consequently, trial defense counsel was ineffective for failing to object to certain trial events relating to the petitioner's alibi witnesses; and (3) the trial judge improperly handled alibi witness testimony and improperly admitted the alibi notice into evidence. The Court referred the matter to Magistrate Judge Douglas F. Eaton for a Report and Recommendation. Magistrate Judge Eaton issued a Report and Recommendation ("Report") recommending that the petition be dismissed.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; Rivera v. Barnhart, 423 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See, Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). It is not required,

however, that the Court conduct a de novo hearing on the matter.  See United States v. Raddatz, 447 U.S. 667, 676 (1980).  Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made.  Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).  When no objections to a Report are made, the Court may adopt the Report if there is no clear error on the face of the record.  Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Eaton found that the Appellate Division's determination that a rational juror could find an intent to kill, based on the number of shots fired at the victim, was not an unreasonable application of law.  He also noted that the petitioner did not present any evidence to support an inference of an intent to merely disable the victim.

The magistrate judge determined that the prosecutor's questioning of alibi witnesses as to a family gathering was not a significant defect that would cause any real damage to the petitioner's defense.  He found that the prosecutor's assumption, that the alibi witnesses were at a family function with the defendant, was not surprising because the defense's alibi notice listed family members and a friend as witnesses.  The notice stated that on the Fourth of July, the day of the incident, defendant was outside of or in front of his family's house.  Thus, the magistrate judge properly determined that petitioner's prosecutorial misconduct claim is baseless.  As to petitioner's ineffective assistance claim, Magistrate Judge Eaton found that the trial transcript, on a whole, indicated that petitioner's retained trial counsel was a capable attorney, and that counsel's failure to object to the specific trial events petitioner challenges was not an unreasonable choice of action.

The magistrate judge also determined that the trial judge did not exclude witnesses when he individually named only three of the five witnesses, and the omission would not likely lead to a different jury verdict. Additionally, he found that the petitioner's defense was not damaged as a result of the introduction of the alibi notice into evidence. Magistrate Judge Eaton properly determined that the trial events the petitioner finds objectionable do not rise to the level of a violation of petitioner's constitutional due process rights.

In his report, Magistrate Judge Eaton advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner timely filed objections to the Report. Petitioner's main contention is that the magistrate judge erred by separately analyzing events that had the potential to lead the jury to discredit the testimony of the alibi witnesses. Petitioner objects to the Report's ultimate finding that the errors, neither individually nor in combination, resulted in an unfair trial. Further, petitioner claims that the Report failed to properly recognize the prosecutor's actions pertaining to the alibi witnesses as a part of a tactical strategy that did not connote "good faith." This Court finds each of petitioner's objections to the Report to be without merit.

After carefully reviewing the Report, the Court also finds that the report is not facially erroneous. Accordingly, the Court adopts the Report and for the reasons stated therein, the writ is hereby denied and the petition dismissed.

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-260 (2d Cir. 1997);

Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: November 12, 2008
  New York, New York

SO ORDERED:

*George B Daniels*
GEORGE B. DANIELS
United States District Judge